COMMONWEALTH *vs.* CHARLES W. SIMON. March 13, 1984. *Practice, Criminal,* Fugitive from justice, Waiver of appellate rights, Assistance of counsel, Continuance.

The defendant, Charles Simon, appeals from his conviction of possession of heroin with intent to distribute. G. L. c. 94C, § 32 (*a*).[1] After our decision in *Commonwealth* v. *Gagnon,* 387 Mass. 567 (1982) (*Gagnon I*), the defendant moved for resentencing on the lesser included charge of possession of heroin.[2] See *Commonwealth* v. *Gagnon,* 387 Mass. 768 (1982) (*Gagnon II*), cert. denied, 461 U.S. 921, and 464 U.S. 815 (1983). The defendant was resentenced to a term of two years in a house of correction, six months to be served, and probation for two years. We are informed by the Commonwealth that following the defendant's release from a house of correction he failed to report to the probation department, and that in December, 1983, a probation warrant for violation of the conditions of probation was issued by a Superior Court judge. Currently that warrant is outstanding. The Commonwealth filed a motion asking that the appeal be dismissed, and the judgment affirmed, because of the defendant's failure to comply with the conditions of his probation.

A defendant ''who is a fugitive from justice cannot insist that his appeal be heard.'' *Commonwealth* v. *Hurley, ante* 76, 78 (1984). See *Commonwealth* v. *Green,* 353 Mass. 687, 690 (1968); *Commonwealth* v. *Rezendes,* 353 Mass. 228 (1967). The motion to dismiss the appeal is allowed.

We add that the defendant's contention on appeal is that he was denied the effective assistance of counsel because trial counsel failed to anticipate our decision in *Gagnon I*.[3] At the trial, the defendant admitted possessing

[1] The defendant was sentenced to the Massachusetts Correctional Institution, Walpole, for a term of four to ten years to be served on and after a Federal sentence he was then serving.

[2] The defendant's appeal was pending.

[3] A single justice of this court permitted appellate counsel to withdraw after the defendant sued appellate counsel in a Federal District Court claiming ineffective assistance of counsel.

heroin but claimed it was for his personal use. The defendant has been resentenced for the lesser included offense of possession of heroin. Therefore that issue is moot. See *Lockhart* v. *Attorney Gen.,* 390 Mass. 780, 782-784 (1984). Moreover, counsel is not ineffective solely by failing to anticipate appellate court decisions. See *Commonwealth* v. *Stokes,* 374 Mass. 583, 588 (1978).

The defendant claims error in the refusal of the trial judge to permit his counsel to withdraw on the date set for trial. We do not agree. The transcript and docket entries reveal that the defendant was arraigned on April 28, 1981, and the defendant was represented by counsel (not trial counsel). The docket reveals that three other lawyers appeared for the defendant from that time until May 5, 1982, when trial counsel was appointed. The defendant claims that, on the day set for trial, the judge was required to permit his counsel to withdraw and to grant a continuance so that counsel of his choice could have time to prepare the case. The indictment had been pending for well over a year. The judge could properly decide that the defendant's change of counsel was a device to secure another continuance and avoid trial. "A trial judge has ample authority to protect himself and the Commonwealth from such manipulative behavior." *Commonwealth* v. *Connor,* 381 Mass. 500, 506 n.6 (1980). The right to counsel of one's choice is "not absolute, and may, in some circumstances, be subordinate to the proper administration of justice." *Id.* at 503. In sum, the defendant's claim of ineffective assistance of counsel fails to meet the standards set forth in *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974), and, further, there was no error in the denial of the continuance. The defendant's appeal is dismissed.

*So ordered.*

The case was submitted on briefs.
*Walter B. Prince* for the defendant.
*Newman Flanagan,* District Attorney, & *Brian Gilligan,* Assistant District Attorney, for the Commonwealth.