939 P.2d 866

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michelle R. LARREA, Defendant–Appellant.**

**No. 22855.**

Court of Appeals of Idaho.

June 26, 1997.

Aaron J. Bazzoli, Weiser, for defendant–appellant.

Alan G. Lance, Attorney General, Michael A. Henderson, Deputy Attorney General (argued), Boise, for plaintiff–respondent.

PERRY, Judge.

Michelle R. Larrea was found guilty by a jury on two counts of felony possession of a controlled substance and one count of misdemeanor possession of a controlled substance. I.C. § 37-2732(c). On appeal, Larrea claims she did not receive effective assistance of counsel. The state asserts that Larrea's appeal should be dismissed because Larrea has absconded from probation and remains a fugitive from justice. We dismiss Larrea's appeal.

Larrea was a passenger in a pickup which was pulled over by an Adams County deputy sheriff for running a stop sign and for exhibiting other suspicious driving patterns. The driver was given field sobriety tests and was arrested for driving under the influence. A search of the vehicle incident to the arrest

was conducted by an assisting officer and unearthed drugs in a backpack, located on the passenger side of the cab. Larrea admitted ownership of the backpack but claimed she was unaware of the presence of illegal drugs. Larrea was arrested and charged with felony possession of a controlled substance, cocaine; felony possession of a controlled substance, methamphetamine; and misdemeanor possession of a controlled substance, marijuana. Larrea went to trial, and a jury found her guilty of all three offenses. The district court entered judgments of conviction and imposed concurrent sentences of three years, with one year fixed for the two felonies. The district court suspended her sentences and placed her on supervised probation for three years. For the misdemeanor, Larrea received a one-year sentence, with 335 days suspended. Larrea timely appealed.

After Larrea filed her appellant's brief, but before the state filed its respondent's brief, the state moved to dismiss Larrea's appeal because Larrea had absconded from probation. The Supreme Court denied the state's motion without explanation. The state then renewed its motion to dismiss in its respondent's brief. In her reply brief, Larrea responded to the state's renewal of its dismissal motion. The case was assigned to this Court for disposition. At oral argument, both parties argued the dismissal issue. As indicated by the state at oral argument, and not rebutted by Larrea's appellate counsel, Larrea has not surrendered to the authorities and remains a fugitive from justice.

▮ The right to appeal is not a right guaranteed by any provision of the federal or state constitutions; rather, it is purely a statutory right and may be waived. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). However, there is neither a statutory nor an appellate rule that requires the dismissal of a defendant's appeal as a result of the defendant's fugitive status during the pendency of the appeal. *See State v. Schneider*, 126 Idaho 624, 626, 888 P.2d 798, 800 (Ct.App.1995).

In *Schneider*, this Court addressed a similar issue of whether to dismiss a fugitive defendant's appeal. The defendant, who was appealing his sentence, had escaped from the State of Idaho Correctional Institution after his appellant's brief had been filed. The state moved to dismiss the appeal because of the defendant's escape. Before the state's motion was decided, and only four days after his escape, the defendant was returned to custody. The Idaho Supreme Court ordered that the state's motion be taken under advisement for consideration at the time argument was presented on the merits of the defendant's appeal. The case was then assigned to this Court for disposition. For guidance in determining whether to dismiss the defendant's appeal, we relied on *Ortega–Rodriguez v. United States*, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). In *Ortega–Rodriguez*, the United States Supreme Court addressed the fugitive dismissal rule and stated:

> It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal.
>
> . . . .
>
> . . . our cases consistently and unequivocally approve dismissal as an appropriate sanction when a prisoner is a fugitive during "the ongoing appellate process." Moreover, this rule is amply supported by a number of justifications. In addition to addressing the enforceability concerns . . . , dismissal by an appellate court after a defendant has fled its jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice.

*Id.* at 239–242, 113 S.Ct. at 1204–1205. The United States Supreme Court acknowledged that dismissal of a defendant's pending appeal may serve substantial interests. *Ortega–Rodriguez*, 507 U.S. at 249, 113 S.Ct. at 1208. The Court recognized, however:

> [T]he same interests do not support a rule of dismissal for all appeals filed by former fugitives, returned to custody before invocation of the appellate system. Absent some connection between a defendant's fugitive status and his appeal, as provided when a defendant is at large during "the on-going appellate process," the justifica-

tions advanced for dismissal of fugitives' pending appeals generally will not apply.

*Ortega–Rodriguez,* 507 U.S. at 249, 113 S.Ct. at 1208 (citation omitted).

Accordingly, in *Schneider,* we held that the decision whether to dismiss a criminal defendant's appeal who had temporarily escaped from custody was within the appellate court's sound discretion. *Schneider,* 126 Idaho at 626, 888 P.2d at 800. We exercised our discretion and denied the state's dismissal motion, concluding that the defendant's short-term fugitive status did not interfere with the orderly processing of his appeal. *Id.* at 627, 888 P.2d at 801.

Unlike the cases where the defendant is considered a former fugitive and dismissal of the defendant's appeal is dependent upon the reviewing court's discretion, when a defendant remains a fugitive and has not surrendered to the authorities prior to the time an appeal is submitted for decision, courts have employed the fugitive dismissal rule almost categorically. *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); *State v. Dyer,* 551 N.W.2d 320, 321 (Iowa 1996) (dismissal of defendant's appeal based on his "flight from the jurisdiction and failure to return by the time his appeal was heard"); *Commonwealth v. Simon,* 391 Mass. 1010, 461 N.E.2d 758, 759 (1984) (defendant who had absconded from probation was a "fugitive from justice," and appeal was dismissed); *State v. Patten,* 134 N.H. 319, 591 A.2d 1329, 1330 (1991) (When a defendant escapes from confinement and remains a fugitive from justice, the defendant forfeits the right to appellate review.); *State v. Sterner,* 124 Or.App. 439, 862 P.2d 1321, 1323 (1993) ("A criminal defendant should not be able to enjoy the benefits of the law while unlawfully avoiding its rigor."); *State v. Johnson,* 105 Wash.2d 92, 711 P.2d 1017, 1020 (1986) (defendant who flees the jurisdiction of the court pending an appeal waives the right to prosecute the appeal).

In *Molinaro,* the United States Supreme Court addressed this issue and declined to adjudicate a defendant's case where the defendant had jumped bail and was considered a fugitive from justice. In dismissing the defendant's appeal, the Court held:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Molinaro,* 396 U.S. at 366, 90 S.Ct. at 498–99.

In the instant case, Larrea is not considered a former fugitive as the defendant was in *Schneider.* At the time the Supreme Court initially ruled on the state's motion, Larrea's status was undeterminable. Her fugitive status, for the purposes of her appeal, is now permanent because she had not surrendered to the authorities of the State of Idaho prior to the time her appeal was submitted to this Court for decision. Consequently, although we believe it remains within our discretion to address Larrea's appeal, we see no reason why she is entitled to the resources of the appellate process. Accordingly, we hold that Larrea has waived her right to appeal, and her appeal is dismissed.

WALTERS, C.J., and LANSING, J., concur.