On respondent's motion to dismiss appeal filed September 29, 2005, and appellant's objection to motion to dismiss appeal filed October 5, 2005, motion to dismiss appeal denied May 3, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# BRIAN KIRK BAKER,
*Appellant.*

02CR1449; A124395

134 P3d 962

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, for motion.

Garrett A. Richardson, *contra.*

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Schuman, Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

The state moves to dismiss this criminal appeal on the ground that defendant has absconded from the jurisdiction of the court and is a fugitive from justice. ORAP 8.05(3). The state's motion is supported by a warrant for defendant's arrest based on defendant's failure to appear at a show cause hearing for failure to satisfy the monetary obligations of the judgment that defendant is appealing. Defendant is presently living in Oklahoma and asserts that he is unable to pay the monetary obligations or to travel to Oregon. The motion raises the issue of whether, under these circumstances, defendant has absconded from the state or is otherwise a fugitive from justice. We conclude that he has not and is not, and deny the motion to dismiss.

Defendant was convicted of unlawfully intercepting the contents of a communication, a misdemeanor. ORS 165.543. Defendant appealed. While defendant's appeal was pending, an order to show cause was issued requiring defendant to appear in court for failure to pay fines and costs totaling $1,079.50. Defendant did not appear, and a judicial assistant at the court signed and filed an affidavit attesting that defendant had failed to make the payment.

The state moved to dismiss the appeal on the ground that defendant had absconded from the jurisdiction of the court and was a fugitive from justice. Defendant opposed the motion on the grounds that the state had not shown that the show cause order had been served on defendant and that the warrant suggested that defendant had failed to appear in violation of his terms of release, but that the judgment of conviction contained no such terms. Further, defendant contacted the trial court and was informed that the warrant would be cancelled if the monetary obligation was paid or if defendant traveled from Oklahoma to Oregon to appear before the court. Defendant contends that he is unemployed, indigent, living with his parents, and unable to afford to either travel to Oregon or pay the monetary obligation, but that he is willing to stay in contact with the court and make alternative

arrangements to pay the obligation. A fair reading of defendant's response is that defendant admits that he has not paid the monetary obligation imposed on him by the judgment.

In its motion to dismiss, the state relies on ORAP 8.05(3), which provides, in part:

"If a defendant in a criminal case * * * on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the appellant has not surrendered at the time the motion is decided by the court, the court may dismiss the appeal or judicial review."

However, the state does not allege that the judgment being appealed restricted defendant from traveling out of the state or that defendant fled to Oklahoma in order to avoid complying with the judgment. The state has made no showing that defendant had been served with the show cause order or otherwise knowingly failed to appear at the show cause hearing. In short, the state has not shown that defendant has escaped, absconded from custody or supervision, or otherwise made a conscious effort to evade the trial court's process. Accordingly, the motion is denied. *See State v. Ford*, 205 Or App 506, 513, 134 P3d 959 (2006) (defendant's alleged failure to comply with conditions of probation that did not suggest that defendant had escaped or absconded was insufficient grounds for dismissal).

Motion to dismiss appeal denied.