On respondent's motion to dismiss filed December 9, appellant's response to respondent's motion to dismiss appeal filed December 20, and respondent's reply to response to motion to dismiss filed December 29, 2005; appeal dismissed June 28, 2006

STATE OF OREGON,
*Respondent,*

*v.*

DEBBIE NOFZIGER,
*Appellant.*

05P50158; A129592

138 P3d 57

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Attorney-in-Charge, Collateral Remedies and Capital Appeals Unit, for motion.

Marc D. Brown, Deputy Public Defender, *contra.*

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Schuman, Judge.

PER CURIAM

## PER CURIAM

The state moves to dismiss this criminal appeal on the ground that defendant absconded from the jurisdiction of the court. ORAP 8.05(3). We agree and dismiss the appeal.

Defendant was convicted of driving under the influence of intoxicants, ORS 813.010, and placed on probation. Defendant appealed her conviction. One of the general conditions of probation was that defendant was to report to her probation officer as required. While the appeal was pending, the trial court issued an arrest warrant for defendant due, in part, to her failure to report to her probation officer. Relying on ORAP 8.05(3), the state moved to dismiss the appeal. Defendant objected, arguing that she was "no longer on abscond status" because she had been arrested.

ORAP 8.05(3) provides, in part:

"If a defendant in a criminal case * * * on appeal of an adverse decision, escapes or *absconds from* custody or *supervision*, the respondent on appeal may move for dismissal of the appeal. If the appellant has not surrendered at the time the motion is decided by the court, the court may dismiss the appeal or judicial review."

(Emphasis added.) In *State v. Ford,* 205 Or App 506, 510, 134 P3d 959 (2006), we held that

"[t]o 'escape [ ] or abscond [ ] from custody or supervision,' then, a defendant must evade the legal process of a court by fleeing, hiding himself, or making some conscious effort to avoid custody or supervision."

In that case, we refused to dismiss the appeal because the evidence did not indicate that the defendant fled, hid, or made a conscious effort to avoid custody or supervision.

Here, in contrast, defendant did make a conscious effort to avoid supervision. Defendant was ordered to report to her probation officer. Defendant did not report to her probation officer as required by the judgment of conviction and general conditions of probation. Defendant's failure to report was a conscious effort to avoid supervision. Moreover, it is

undisputed that defendant did not surrender, but rather was arrested.[1]

Appeal dismissed.

---

[1] There is no evidence that defendant surrendered immediately prior to her arrest.