On respondent's motion to dismiss appeal filed February 9, and appellant's response to state's motion to dismiss appeal filed May 25, motion to dismiss appeal granted; appeal dismissed October 11, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## FRANK GEORGE SQUEGLIA,
*Appellant.*

C030477CR; A125448

145 P3d 292

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, for motion.

Mary-Shannon Storey, Deputy Public Defender, *contra.*

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

BREWER, C. J.

**BREWER, C. J.**

Pursuant to ORAP 8.05(3),[1] the state has moved to dismiss defendant's appeal from a judgment entered on June 22, 2004, on the ground that defendant has absconded from supervision. Defendant was convicted of possession of a controlled substance, and the court imposed an 18-month term of probation that required defendant to, among other things, "obey all general conditions of probation" and pay a minimum of $50 per month toward assessed attorney fees and probation supervision fees.

The state appended a bench warrant and probation violation report to its motion to dismiss. Those documents contain evidence that defendant is in violation of general condition of probation number 15, which directs defendant to "report as required and abide by direction of the supervising officer."[2] The report shows that defendant previously had violated his probation and had served a jail sentence for that violation. After he was released from custody for the previous violation, defendant met with his probation officer on March 24, 2005. At that time, defendant did not have a stable residence address or other appropriate contact information to provide his probation officer. At the March 24 meeting, the probation officer told defendant to report again on March 29, 2005. Defendant missed the March 29 appointment. According to the report, defendant left a voice-mail message for his probation officer on March 28, 2005, in which he stated that he would not keep the scheduled appointment because he was working. He also included his work supervisor's phone

---

[1] ORAP 8.05(3) provides:

"If a defendant in a criminal case, a petitioner in a post-conviction relief proceeding, a plaintiff in a habeas corpus proceeding, a petitioner in a parole review proceeding, or a petitioner in a prison disciplinary case, on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the appellant has not surrendered at the time the motion is decided by the court, the court may dismiss the appeal or judicial review."

[2] In its motion to dismiss, the state also relies on the allegation in the probation violation report that defendant has failed to make regular payments of court-ordered fees. However, failure to pay court-ordered fines and fees does not establish that defendant has absconded from supervision, and we reject that asserted ground for dismissal without further discussion. *State v. Ford*, 205 Or App 506, 510, 134 P3d 959 (2006).

number in the message. On April 18, 2005, after defendant had failed to report for several weeks, the probation officer called defendant's supervisor and left a message that defendant was to call him the next day. However, defendant never again contacted his probation officer to reschedule the missed appointment. On May 12, 2005, the trial court issued a bench warrant for defendant's arrest for a probation violation. There is no evidence that the warrant has been served on defendant.

■       Citing *State v. Ford*, 205 Or App 506, 510, 134 P3d 959 (2006), defendant's counsel asserts that the state has not met its burden to show that defendant has absconded from supervision, because none of the allegations establish that he made a conscious effort to avoid custody or supervision. Defendant's counsel attempts to excuse defendant's conduct by speculating that he may be homeless and pointing out that there is no evidence that defendant's supervisor ever gave him the probation officer's message or that the arrest warrant was served.

■       A defendant's failure to report to his or her probation officer, as required by an applicable condition of probation, constitutes absconding from supervision for purposes of ORAP 8.05(3). *See, e.g.*, *State v. Nofziger,* 206 Or App 588, 589-90, 138 P3d 57 (2006). To be sure, in *Ford,* we held that a mere allegation that the defendant was in violation of his probation for failing to comply with the requirements of a substance abuse program, coupled with evidence of an unserved bench warrant for his arrest, was insufficient to establish that he had absconded from custody or supervision. *Ford,* 205 Or App at 513.[3] But those are not the circumstances here.

The probation officer's report shows that defendant is in violation of general condition number 15 by failing to

---

[3] Based on similar reasoning, we denied the state's motion to dismiss the defendant's appeal in *State v. Baker*, 205 Or App 514, 134 P3d 962 (2006). In that case, the state alleged that the defendant had failed to appear at a show cause hearing, but there was no evidence that he had been served with the underlying show cause order. *Id.* at 516. We cited *Ford* for the proposition that a "defendant's alleged failure to comply with conditions of probation that did not suggest that [the] defendant had escaped or absconded was insufficient grounds for dismissal." *Baker*, 205 Or App at 517.

"report as required and abide by the direction of the supervising officer." In particular, the uncontroverted evidence shows that defendant did not have a stable residence address or other appropriate contact information to provide his probation officer. He met with his probation officer on March 24, 2005, and, at that time, the probation officer directed him to report again on March 29. However, defendant failed to report as directed on March 29, 2005. In addition, defendant failed to report thereafter to reschedule the missed appointment despite being directed to do so through the only means of contact that he had provided, that is, via a message left with his supervisor at work.

Defendant thus failed to report to his probation officer as required by an applicable condition of probation for more than a year before the state filed its motion to dismiss his appeal. Unlike the probation violation asserted in *Ford*, the violation of that condition of probation shows that defendant has absconded from supervision. The fact that the arrest warrant has not yet been served does not undermine that determination. Because the state has met its burden to show that defendant has absconded from supervision, the motion to dismiss is granted.

Motion to dismiss appeal granted; appeal dismissed.