On respondent's motion to dismiss filed June 6, and appellant's response to motion to dismiss filed June 29, 2006, appeal dismissed January 3, 2007

# STATE OF OREGON,
*Respondent,*

*v.*

# CHARLES ANDREW FETTEL,
*Appellant.*

MI050257; A131427

150 P3d 1076

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, for motion.

Kristin Carveth, Deputy Public Defender, Office of Public Defense Services, for response.

Before Wollheim, Presiding Judge, and Schuman and Rosenblum, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

Defendant appeals from a conviction for driving under the influence of intoxicants. The state has moved to dismiss this appeal under ORAP 8.05(3) on the ground that defendant absconded from supervision. That rule provides:

> "If a defendant in a criminal case, * * * on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the appellant has not surrendered at the time the motion is decided by the court, the court may dismiss the appeal or judicial review."

Defendant's response to the state's motion is based on the fact that he is now in custody; therefore, he maintains, he has "surrendered," and the court should not dismiss the appeal. We grant the state's motion.

The relevant facts are not in dispute. The judgment from which defendant appeals is a conviction and sentence imposing probation and requiring defendant to report to M.E. & Associates, a designated monitoring service, "immediately after release from jail." The state has submitted, along with its motion to dismiss the appeal, uncontested affidavits asserting that

> "[defendant] failed to report to the monitoring office for intake. [Defendant] was ordered by the Court to report to this office upon his release from custody in the Deschutes County Adult Jail. [Defendant] was released from the jail on February 12, 2006. Letters were mailed on March 7, 2006 and March 16, 2006 to [defendant's] last known address directing him to contact this office. There has been no response to those letters."

Based on that report, on March 29, 2006, the state moved to revoke defendant's probation on the grounds that defendant had

> "failed to abide by the following general conditions of probation; failed to remain under the supervision and control of the Probation Department [and] failed to abide by the directions of the Probation Department."

The trial court granted the motion and, on March 30, 2006, issued a bench warrant for defendant's arrest. Believing that

defendant had absconded from supervision, the state moved to dismiss this appeal. Defendant's counsel responded:

> "On June 29, 2006, defendant contacted counsel and stated that he is currently in custody at the Deschutes County Jail. Defendant represented to counsel that he had difficulty staying in contact with his probation officer because his driving privileges were suspended. Accordingly, because defendant is within the jurisdiction of the court, the motion to dismiss his appeal should be denied."

The state's motion and defendant's response frame the issue before us.

■       We have no difficulty deciding that a defendant has not "surrendered" for purposes of ORAP 8.05(3) unless he or she has voluntarily given himself or herself over to the custody or control of law enforcement authorities. To "surren- der" is "to yield to the power, control, authority, or possession of another[;] * * * to give (oneself) up into the power of another esp. as a prisoner," *Webster's Third New Int'l Dictionary* 2301-02 (unabridged ed 2002), or "[t]he act of yielding to another's power or control," *Black's Law Dictionary* 1484 (8th ed 2004). In the present case, we cannot discern from the record whether defendant "surrendered"; we know only that he was in custody. The outcome of the case, then, depends on who has the burden of establishing the fact of surrender.

■       We have held that, in cases subject to ORAP 8.05(3), the state has the burden in the first instance to make a *prima facie* showing that, more likely than not, the defendant has absconded from the jurisdiction of the court or is secreting himself within the jurisdiction. *State v. Ford,* 205 Or App 506, 510-11, 134 P3d 959 (2006) (before the court may exercise its discretion whether to dismiss the appeal, the state must show that the defendant escaped or absconded from custody or supervision). In deciding whether to exercise our discretion to dismiss an appeal upon the surrender of the defendant, we will not require the state to prove a negative, that is, that the defendant did not surrender; rather, the burden is on the defendant to make that showing.

■       Applying the foregoing principles to this case, the state has made a *prima facie* showing that defendant has

failed to submit himself to the designated monitoring agent as provided in the judgment of conviction and sentence. Defendant, barely, has shown that, after absconding from supervision, he returned to custody; he has made no showing whatsoever that he surrendered. Under those circumstances, we exercise our discretion in favor of granting the motion to dismiss.

Appeal dismissed.