**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLONZIE CLEMMAN, JR., | No. 09-35842 |
| Petitioner - Appellant, | D.C. No. CV-08-00081-PA |
| v. | |
| BOARD OF PAROLE AND POST-PRISON SUPERVISION, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted December 9, 2010
Seattle, Washington

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and MOSKOWITZ, District Judge.[**]

Olonzie Clemman, Jr., ("Petitioner") appeals from the district court's

dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We *sua*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuirt Rule 36-3.

[**] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*sponte* grant a certificate of appealability on the issues raised by Petitioner on appeal. *See Hayward v. Marshall*, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc). However, we affirm the district court's decision.

The district court erred in holding that Petitioner had failed to fairly present his federal claims to the Oregon Supreme Court. Petitioner was seeking review of the Oregon Court of Appeals' dismissal of his judicial-review proceedings on procedural grounds. To the extent Petitioner was required to inform the Oregon Supreme Court of his federal claims, Petitioner sufficiently did so by identifying his federal claims and providing the factual and legal bases for his claims in his Petition for Review. *See Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (expressing doubt whether federal claims needed to be presented in an appendix where the petitioner was seeking review of the post-conviction court's denial of petitioner's leave to file an amended complaint containing the federal claims); *Insyxiengmay v. Morgan*, 403 F.3d 657, 669 n.5 (9th Cir. 2005) (questioning whether the petitioner was required to present the merits of his federal claims to the Washington Supreme Court because that court declined petitioner's request to reverse the court of appeals' dismissal on procedural grounds and allow the claims to proceed in the court of appeals).

We affirm on the alternate ground that Petitioner's habeas claims are procedurally barred by Oregon's appellate fugitive disentitlement rule (Oregon

2

Rule of Appellate Procedure (ORAP) 8.05(3)). The rule was firmly established in all significant respects. Any uncertainty regarding the burden of proof as to the element of surrender did not render the rule inadequate. "We decline . . . to require a state court to articulate every permutation of every rule before it can invoke procedural default - such a rigid construct of the procedural default doctrine frustrates its purpose and impairs our system of federalism." *Bargas v. Burns*, 179 F.3d 1207, 1213 (9th Cir. 1999).

Petitioner's argument that prior to *State v. Fettel*, 150 P.3d 1076 (Or. Ct. App. 2007), it was unclear whether an arrest was a "surrender" is unpersuasive. In *Fettel*, the Court of Appeals looked to the ordinary definition of "surrender" and "ha[d] no difficulty deciding that a defendant has not 'surrendered' for purposes of ORAP 8.05(3) unless he or she has voluntarily given himself or herself over to the custody or control of law enforcement authorities." *Id.* at 1077. Petitioner has not established that there was any confusion on the matter prior to *Fettel*. Indeed, in *State v. Nofziger*, 138 P.3d 57, 58 (Or. Ct. App. 2006) (per curiam), the Court of Appeals dismissed an appeal pursuant to ORAP 8.05(3) because the defendant did not "surrender," but, rather, was "arrested."

Petitioner contends that the appellate fugitive disentitlement rule was inconsistently applied. Petitioner has not, however, satisfied his burden of "asserting specific factual allegations that demonstrate the inadequacy of the state

3

procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). The cases cited by Petitioner do not demonstrate inconsistent application of the requirement that a defendant intend to evade justice before he or she can be deemed to have absconded.

In sum, the appellate fugitive disentitlement rule was an adequate and independent state procedural ground for dismissing Petitioner's claims. Petitioner has not overcome the procedural default by demonstrating both cause excusing his procedural default and actual prejudice resulting therefrom. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991). The procedural bar was imposed as a result of Petitioner's decision to leave the work center without permission while his judicial-review proceeding was pending, not any "external impediment." *Id.* at 497. Therefore, Petitioner's federal habeas claims are procedurally barred.

**AFFIRMED.**