# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46708

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

DENISE A. GOTTLIEB,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: March 24, 2020

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Scott Wayman, District Judge.

Appeal <u>dismissed</u>.

Amendola Doty & Brumley, PLLC; Craig W. Zanetti, Coeur d'Alene, for appellant. Craig W. Zanetti argued.

Hon. Lawrence G. Wasden, Attorney General; Kale Gans, Deputy Attorney General, Boise, for respondent. Kale Gans argued.

---

BRAILSFORD, Judge

Denise A. Gottlieb entered an *Alford*[1] plea to misdemeanor reckless driving, Idaho Code § 49-1401. The district court imposed a 180-day jail sentence and a $1,000 fine. Gottlieb appeals, arguing her sentence is excessive.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Gottlieb had an ongoing dispute with her neighbor. As a result of this dispute, Gottlieb was subject to a civil protection order prohibiting her from coming within 300 feet of her neighbor except on public roadways for egress and ingress. On May 21, 2018, Gottlieb's neighbor was parked on the side of a gravel road and was conversing with another person who

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

1

was standing next to the neighbor's car. Gottlieb drove by in her vehicle. As she approached, according to witnesses, she pointed towards her neighbor's car; accelerated to approximately forty miles per hour; swerved within a foot to six inches of her neighbor's car; and then swerved back, causing gravel to spray on her neighbor's car. Both Gottlieb's neighbor and the person to whom she was talking feared Gottlieb would hit them with her vehicle. They took pictures of the swerve marks Gottlieb's vehicle had left on the gravel road and contacted the police.

A police officer took the victims' statements and contacted Gottlieb. According to the officer, Gottlieb at first denied the accusation, claiming that she "did not know what her neighbors were talking about" and that they were "out of control." When the officer informed Gottlieb that swerve marks were clearly visible in the road, she responded she did not know what was wrong with her neighbors. The officer arrested Gottlieb for aggravated assault and issued a citizen's citation for misdemeanor reckless driving. While in the police car, Gottlieb admitted she swerved but claimed she was attempting to avoid another vehicle.

As a result of Gottlieb's encounter with her neighbor, the State charged Gottlieb with aggravated assault and misdemeanor reckless driving. Under a plea agreement, Gottlieb entered an *Alford* plea to reckless driving, and the State agreed to dismiss the aggravated assault charge and also to recommend a sentence of one year of unsupervised probation and a $500 fine. For reasons unclear from the record, the parties stipulated that Gottlieb could be sentenced in absentia, and the district court entered an order waiving her appearance at sentencing.

During sentencing, Gottlieb's counsel requested a withheld judgment and the State recommended one year of unsupervised probation and a $500 fine. Nonetheless, the district court sentenced Gottlieb to 180 days in jail and a $1,000 fine, which is the maximum statutory penalty for reckless driving. Further, the court ordered Gottlieb to report to jail on December 25. Gottlieb failed to report to the jail on that day, and on January 4, 2019, the court issued a bench warrant for her arrest. On January 10, Gottlieb's counsel filed a notice of appeal and a motion to stay the execution of Gottlieb's sentence, which the court denied. On March 18, Gottlieb's counsel filed an Idaho Criminal Rule 35 motion for reconsideration of her sentence, which the court also denied.

Gottlieb appealed her sentence. At the time of the oral argument of her appeal, Gottlieb had still not reported to Idaho authorities to serve her sentence; her counsel indicated that

Gottlieb had traveled to California before the district court sentenced her and that she remained there; and the bench warrant for her arrest remained outstanding.

## II.

## ANALYSIS

Gottlieb challenges her sentence as excessive. She argues the district court abused its discretion by not considering the criteria in I.C. § 19-2521 and that, at the time of sentencing, she was fifty years old, had no criminal history, and had moved to California "with the intention of remaining there to avoid future contact with the victims." In response, the State argues this Court should dismiss Gottlieb's appeal because she is a fugitive from justice who is not entitled to the resources of the appellate process. We agree with the State.

The right to appeal is not a constitutionally mandated requirement but rather a statutory right. *State v. Moran-Soto*, 150 Idaho 175, 179, 244 P.3d 1261, 1265 (Ct. App. 2010). Whether to dismiss an appeal of a criminal defendant who has absconded is within the appellate court's discretion. *Id.* This Court may dismiss a defendant's appeal if the defendant is a fugitive from justice during the pendency of the appeal. *Id.*; *see also Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993) ("[A]n appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his or her appeal."). The rationale for this "fugitive dismissal rule" is two-fold. *Moran-Soto*, 150 Idaho at 179, 244 P.3d at 1265. First, a judgment cannot be enforced against a fugitive. *Id.* Second, a fugitive is not entitled to the Court's resources for a determination of an appeal. *Id.* "In other words, a defendant's escape during the pendency of an appeal essentially amounts to a waiver of the right to appeal." *Id.* Meanwhile, "dismissal discourages escapes and encourages fugitives to surrender." *Id.*

This Court has previously held in *State v. Larrea*, 130 Idaho 290, 939 P.2d 866 (Ct. App. 1997), that the dismissal of an appeal is appropriate when an appellant remains a fugitive at the time her appeal is submitted for decision. *Id.* at 290-91, 939 P.2d at 866-67. In that case, the police discovered drugs in Larrea's backpack, and a jury found her guilty of felony and misdemeanor possession of a controlled substance. *Id.* Larrea appealed her conviction, arguing she did not receive effective assistance of counsel. *Id.* at 290, 939 P.2d at 866. After Larrea filed her appellant's brief, the State moved to dismiss her appeal because she had absconded from probation. *Id.* at 291, 939 P.2d at 867. At oral argument, the State indicated Larrea had not

surrendered to the authorities and remained a fugitive from justice, and her appellate counsel did not rebut this fact. *Id.*

This Court noted that in the case of a *former* fugitive, the dismissal of the defendant's appeal "is dependent upon the reviewing court's discretion." *Id.* at 292, 939 P.2d at 868. In contrast, this Court stated that "when a defendant remains a fugitive and has not surrendered to the authorities prior to the time an appeal is submitted for decision, courts have employed the fugitive dismissal rule almost categorically." *Id.* The Court held that because Larrea "had not surrendered to the authorities of the State of Idaho prior to the time her appeal was submitted to this Court for decision," Larrea's fugitive status for purposes of the appeal was "permanent." *Id.* As a result, this Court dismissed Larrea's appeal, concluding "we see no reason why [Larrea] is entitled to the resources of the appellate process." *Id.*

Gottlieb attempts to distinguish her case from *Larrea* and other cases dismissing appeals under the fugitive dismissal rule by asserting she is not a fugitive. In support, Gottlieb claims she "did not abscond, flee, or avoid prosecution." Instead, she claims "she left Idaho for personal reasons with the knowledge and consent of the prosecution." Gottlieb's argument that she is not a fugitive for purposes of the fugitive dismissal rule is unpersuasive.

Courts have broadly construed the definition of fugitive. Generally, "[a] 'fugitive' from justice has been broadly defined as one who commits a crime within a state and then withdraws from its jurisdiction without waiting to abide the consequences." 31A Am. Jur. 2d Extradition § 22 (2020) (section discussing applicable definition of "fugitive"). Even more broadly, however, this Court has concluded an appellant is a fugitive for purposes of the fugitive dismissal rule if she absconds from probation. *Larrea*, 130 Idaho at 290-92, 939 P.2d at 866-68. Similarly, the United States Supreme Court has concluded an appellant who failed to surrender to authorities was a fugitive, and as a result, the Court refused to consider the appellant's appeal. *Molinaro v. New Jersey*, 396 U.S. 365, 365-66 (1970). Neither *Larrea* nor *Molinaro* mention whether the appellant had actually departed the jurisdiction or otherwise indicated that such a departure was necessary for fugitive status, thereby suggesting the appellant's actual departure from the jurisdiction may be unnecessary for the application of the fugitive dismissal rule.

Regardless of whether departing from the jurisdiction is required to warrant the application of the fugitive dismissal rule, Gottlieb is and remains a fugitive from justice in this case: Gottlieb committed the crime of reckless driving in Idaho, pled guilty, and was sentenced

4

to serve jail time; has failed to surrender to Idaho authorities to serve that time; has an outstanding bench warrant for her arrest; and concededly remains in California. Gottlieb has yet to appear to serve her sentence. As such, she is a fugitive from justice.

We disagree with Gottlieb's assertion that the prosecution has agreed to her continued absence from the jurisdiction. That the prosecution stipulated to the removal of Gottlieb's electronic location monitor and purportedly knew she went to California before she was sentenced does not support her assertion that she remains at large with "the knowledge and consent of the prosecution." Moreover, the record contradicts Gottlieb's claim that the prosecution consented to her departure from the jurisdiction to avoid a jail sentence. After Gottlieb failed to report to jail as the district court ordered, the prosecutor filed an affidavit in support of a bench warrant, attesting that Gottlieb had failed to appear. This affidavit demonstrates the prosecution has not consented to Gottlieb's absence for purposes of avoiding her jail sentence.

Further, nothing in the record supports that any "personal reasons" justify Gottlieb's failure to surrender to Idaho authorities to serve her jail sentence. Gottlieb argues she "left Idaho prior to sentencing for medical treatment with permission from the prosecutor [and] remain[s] out-of-state for continued medical treatment." Again, the record contradicts Gottlieb's assertion that the prosecution has consented to her absence for purposes of avoiding her sentence, and nothing in the appellate record supports her claim that she is undergoing medical treatment outside Idaho and that such treatment precludes her from serving her jail time.

Finally, we reject Gottlieb's reliance on *State v. Baker*, 134 P.3d 962 (Or. App. Ct. 2006). Gottlieb contends *Baker* stands for the proposition that "a person who commits a crime in one state and subsequently moves to another state is not a fugitive per se according to modern case law." In that case, Baker appealed a judgment ordering him to pay $1,079.50 and, thereafter, failed to appear at a show cause hearing regarding his failure to satisfy the judgment. *Id.* at 963. The State moved to dismiss Baker's appeal, arguing he had absconded from Oregon, moved to Oklahoma, and was a fugitive from justice. *Id.* Baker opposed the motion asserting numerous grounds, including that his judgment of conviction did not require him to appear as a term of his release; the State had failed to prove it served the show cause order on him; and he was "unemployed, indigent, living with his parents, and unable to afford either travel to Oregon or to pay the monetary obligation." *Id.* The court denied the State's motion, concluding the State

5

failed to show that Baker had fled to Oklahoma to avoid complying with the appealed judgment, had actually been served with the show cause order or had otherwise knowingly failed to appear at the show cause hearing, or that Baker's judgment of conviction restricted his out-of-state travel. *Id.* Accordingly, the court concluded the State had not shown Baker had "escaped, absconded from custody or supervision, or otherwise made a conscious effort to evade the trial court's process." *Id.*

Gottlieb's case is distinguishable from *Baker* on numerous grounds. Most importantly, unlike *Baker*, Gottlieb has failed to show she was unaware of the status of her case and of the requirement that she report to Idaho authorities to serve her jail sentence. To the contrary, Gottlieb does not dispute that she was aware of her sentence and that she was required to report to serve her sentence in 2018. Because Gottlieb has an outstanding bench warrant for her arrest in Idaho and has failed to report to Idaho authorities to serve her sentence before the submission of her appeal for this Court's decision, we hold that Gottlieb is a fugitive from justice who is not entitled to the resources of the appellate process.

### III.
### CONCLUSION

Based on the foregoing, this Court dismisses Gottlieb's appeal.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.