**UNITED STATES of America, Appellee,**

v.

**Rigoberto LANTIGUA–BONILLA,
Defendant, Appellant.**

**No. 95–1824.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 26, 1996.

Decided May 20, 1996.

Peter John Porrata, Hato Rey, PR, for appellant.

Epifanio Morales–Cruz, Assistant United States Attorney, with whom Guillermo Gil,

United States Attorney, and Jose A. Quiles Espinosa, Senior Litigation Counsel, were on brief for appellee.

Before TORRUELLA, Chief Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.

PER CURIAM.

Defendant-appellant Rigoberto Lantigua–Bonilla seeks return on constitutional grounds of some $80,000 forfeited to the government as part of his plea agreement. Because appellant is a fugitive who has failed to comply with the terms of his sentence, we exercise our discretion to dismiss his appeal. *See Ortega–Rodriguez v. United States,* 507 U.S. 234, 238, 113 S.Ct. 1199, 1203, 122 L.Ed.2d 581 (1993); *Molinaro v. New Jersey,* 396 U.S. 365, 365–66, 90 S.Ct. 498, 498–99, 24 L.Ed.2d 586 (1970) *(per curiam);* *United States v. Puzzanghera,* 820 F.2d 25, 26 (1st Cir.1987).

The relevant facts are as follows. At our request following oral argument, the government submitted affidavits detailing the circumstances of appellant's fugitive status. These statements reported that the Metropolitan Detention Center (MDC) released appellant to the custody of the Immigration and Naturalization Service (INS) on July 25, 1995, upon completion of his term of confinement in the case now on appeal. MDC officials apparently had not received notification that sentencing of appellant was pending—scheduled for August 31—in a separate criminal case. The INS released him on August 18.

On August 31, 1995, after appellant failed to appear for the sentencing and his attorney advised the court that he did not know his client's whereabouts, a warrant was issued for appellant's arrest. On May 1, 1996, the U.S. Probation Office notified the district court that appellant was in violation of his supervised release conditions in this case, and requested that another warrant be issued for his arrest.

 This case differs somewhat from prior cases in which we have dismissed an appeal based on an appellant's escape because, at the time of his erroneous release, appellant already had served the full term of imprisonment imposed in the case on appeal. And, his escape before sentencing in the separate criminal case does not provide a basis for dismissing this appeal. *See Ortega–Rodriguez,* 507 U.S. at 250, 113 S.Ct. at 1209 (appellate sanction of dismissal justified only if there is a "connection between fugitivity and the appellate process"); *United States v. Anagnos,* 853 F.2d 1, 2 (1st Cir.1988) (absconding before sentencing should affect consequences in the district court, not the appeals court).

Appellant has not, however, completed his sentence in this case, which in addition to the prison term, included a two-year term of supervised release, a fine of $10,000 and a special monetary assessment of $75. He has paid the $75, but has not paid the fine and, as noted above, has not complied with the supervised release terms. Appellant thus has "flouted 'the restraints placed upon him pursuant to the conviction,'" *Puzzanghera,* 820 F.2d at 27 (quoting *Molinaro,* 396 U.S. at 366, 90 S.Ct. at 498), and is in our view equally "disentitled" to call on the resources of the appeals court, *id.* at 26, as a defendant who escapes to avoid further custody.

Accordingly, this appeal is *dismissed.*