**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0056n.06
Filed: January 20, 2006

**04-3315**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GASPER GJOK KACAJ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| ALBERTO R. GONZALES, United States | ) | IMMIGRATION APPEALS |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: DAUGHTREY and MOORE, Circuit Judges; ALDRICH, District Judge.[*]

**PER CURIAM.**  Petitioner Gasper Gjok Kacaj, an Albanian citizen, entered the United States illegally on or about June 15, 2001, and was placed in removal proceedings by the Immigration and Naturalization Service soon thereafter.  Kacaj conceded removability and applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture.  Following a hearing, an immigration judge denied Kacaj's application, finding him not to be credible.  The Board of Immigration Appeals summarily affirmed the immigration judge's decision.  Kacaj now requests a petition of

---

[*]The Hon. Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

review from this court to vacate the Board's order, but because he is currently in fugitive status, we decline to review his petition.

The hearing before the immigration judge occurred on September 27, 2002, and resulted in a denial of relief that Kacaj appealed to the Board, which affirmed the decision summarily on February 18, 2004. His petition for review was timely filed in this court in March 2004. On April 26, 2004, the petitioner was served with a notice to report to Immigration and Customs Enforcement for removal on June 21, 2004. He did not report at that time, although the record reflects that he did receive and sign for the April 26 notice.

At oral argument before this court on September 19, 2005, his counsel was forced as an officer of the court to acknowledge that he did not know his client's whereabouts although he had received sporadic written communication from Kajac. In the weeks since the case was submitted, we have had no subsequent notice that Kajac has surrendered to immigration authorities. We therefore deem it appropriate to grant the respondent's motion to dismiss the petition for review.

The fugitive disentitlement doctrine limits access to the federal courts by a fugitive who has deliberately fled from custody. *See In re Prevot*, 59 F.3d 556, 562 (6th Cir. 1995). The doctrine extends to appeals from the Board of Immigration Appeals when an alien fails to surrender despite a lawful order of deportation. *See Sapoundjiev v. Ashcroft*, 376 F.3d 727, 728 (7th Cir. 2004); *Bar-Levy v. U.S. Dept. of Justice, INS*, 990 F.2d 33, 35 (2d Cir. 1993); *Arana v. INS*, 673 F.2d 75, 77 (3d Cir. 1982); *Hussein v. INS*, 817 F.2d 63 (9th Cir.

1986).  Although the invocation of the doctrine is discretionary, in view of the petitioner's

deliberate refusal to surrender as ordered, we have no choice but to invoke it here.


    For the reasons set out above, we DENY the petition for review.