NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0451n.06
Filed: June 28, 2006

No. 05-3440

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| QUI JIN CHEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ALBERTO GONZALEZ, ATTORNEY | ) | |
| GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Before: GRIFFIN and SUHRHEINRICH, Circuit Judges; SPIEGEL, Senior District Judge.[*]

SPIEGEL, Senior District Judge. Qui Jin Chen appeals the decision of the Board of

Immigration Appeals upholding an immigration judge's denial of her application for asylum,

withholding of removal, and protection under the Torture Convention. Chen argues that the

immigration judge: (1) distorted substantial evidence submitted in support of her appeal to the point

of denying her due process; (2) abused his discretion in not remanding the matter back to the

immigration court; and (3) made his decision against the great weight of the evidence.

---

[*] The Honorable S. Arthur Spiegel, United States District Judge for the Southern District
of Ohio, sitting by designation.

Respondent has filed a motion to dismiss because Petitioner is a fugitive, having failed to surrender for removal on April 26, 2005 as requested by the Department of Homeland Security ("DHS"). In an earlier decision before this Court, the panel of Judges Batchelder, Griffin, and District Judge Zatkoff, held that Respondent's motion to dismiss be referred to the merits panel. Having now reviewed the matter, the Court finds that Respondent's Motion to Dismiss should be granted.

Petitioner was served with a Notice to Appear ("NTA") dated November 5, 2002. The NTA alleged that Chen violated Section 212(a)(6)(A)(I) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1182(a)(6)(A)(i) (West 2005) in that she was an inadmissable alien illegally present in the United States without being admitted or paroled. At an initial hearing, Chen admitted all the allegations in the NTA except as to her place and date of entry into the United States. At this initial hearing, Chen admitted removability, declined to designate a country for removal, and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

As noted above, an immigration judge ultimately denied Chen's application for asylum, withholding of removal, and protection under CAT. Chen appealed this decision to Board of Immigration Appeals ("BIA"). The BIA affirmed and adopted the immigration judge's decision in a *per curiam* decision.

Subsequently, a Notice to Deportable Alien (Form I-166) was sent to Chen via certified mail. The form directed Chen to report to the Immigration and Customs Enforcement Field Office in

Detroit, Michigan. But, Chen did not report to the Field Office on the date and time indicated on the I-166 Form. And, as of the date of this decision, Chen has still not reported.

The doctrine of fugitive disentitlement has been applied to petitions for review of decisions of the BIA when an alien fails to surrender despite a lawful order of removal. *See Kacaj v. Gonzales*, 163 Fed. Appx. 367, 2006 WL 162963 (6th Cir. Jan. 20, 2006) *citing Sapoundjiev v. Ashcroft*, 376 F.3d 727, 728 (7th Cir. 2004). The invocation of the doctrine is discretionary. *Id*. Although a criminal who flees while his appeal is pending is the archetype for the doctrine, the doctrine is equally applicable to an alien who has failed to report as directed in a I-166 Form. An alien who has assumed fugitive status should not be entitled to a determination of her claims via the processes of the court system.

Chen argues that she never received the I-166 Form. She also contends that her failure to read, write, or speak English should amount to non-delivery of the Form.

The record indicates that the Immigration and Customs Enforcement Office of Detention and Removal Operations sent the I-166 Form to Chen via certified mail. The Form was sent to Chen's last known address. Her argument that she did not receive the Form is discredited by the evidence in the record.

Due Process does not require that forms sent to an alien that pertain to their immigration status be in any language other than English. *See e.g.*, *Nazarova v. I.N.S.*, 171 F.3d 478, 483 (7th Cir. 1999) (noting that it is unreasonable for the I.N.S. to "maintain a stock of forms translated into

literally all the tongues of the human race, and then select the proper one for each potential deportee."). Additionally, Chen received notices in English such as the *per curiam* decision of the BIA as well as other correspondence. She apparently understood the content of the BIA decision and the other correspondence. It is disingenuous that Chen now argues she could not understand the I-166 Form because she lacked a firm grasp of the English language.

Thus, Respondent's Motion to Dismiss Petition is **GRANTED**.