*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0075p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

NOE DOLORES GARCIA-FLORES,

        *Petitioner,*

    *v.*

ALBERTO GONZALES, Attorney General of the
United States,

        *Respondent.*

No. 05-3689

---

On Appeal from the
Board of Immigration Appeals.
No. A76 030 888.

Submitted: November 28, 2006

Decided and Filed: February 23, 2007

Before: MARTIN and GUY, Circuit Judges; ROSE, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Nicoleta D. Wojnar, WOJNAR & ASSOCIATES, Cleveland, Ohio, for Petitioner. John A. Nolet, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

## OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. Petitioner Noe Dolores Garcia-Flores entered the United States from Mexico in 1996 without inspection. He was arrested by the Immigration and Naturalization Service in 1999 and served with a notice to appear, which charged that he was subject to removal and notified him of removal proceedings. On the same day, he was conditionally released on his own recognizance, after agreeing to report for any hearing or interview as directed, to report to an INS officer every month, and not to change his place of residence without written permission from the INS officer.

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

In July of 2000, the Immigration Court mailed Garcia-Flores a second notice to appear, advising him that his case was set for a hearing on May 11, 2001. Garcia-Flores did not appear at the hearing, and now claims that he never received the notice. The immigration judge conducted the hearing *in absentia* pursuant to 8 U.S.C. § 1229a(b), and ordered Garcia-Flores removed to Mexico based on his failure to appear.

In August of 2004, Garcia-Flores learned of the *in absentia* order, and filed a motion to reopen the deportation proceedings and to request a stay of deportation, based on his contention that he had never received the notice. The motion was denied by the immigration judge, who found that Garcia-Flores was properly served with the initial notice to appear, and that he could not establish that he did not receive the second notice regarding the hearing date, due in part to his failure to file an affidavit stating as much. This decision was affirmed by the Board of Immigration Appeals on May 12, 2005, and Garcia-Flores now seeks review of that decision by this Court.

On July 11, 2005 — after the BIA decision — Garcia-Flores was served with a notice to report for removal to Mexico. He failed to report as directed.[1] A year later, in July of 2006, he was taken into custody by Immigration and Customs Enforcement Officers. As a result of Garcia-Flores's failure to report for removal during the pendency of his appeals, the government now moves to dismiss the appeal based on the fugitive-disentitlement doctrine.

"Pursuant to th[e] doctrine of fugitive disentitlement, we have dismissed the direct appeals of defendants who fled the jurisdiction during an appeal and remained at large." *United States v. Lanier*, 123 F.3d 945, 946 (6th Cir. 1997). The Supreme Court has cautioned the Courts of Appeals that fugitive disentitlement is not appropriate in cases where there is no connection between the fugitive status and the appellate process. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 249 (1993) ("Absent some connection between a defendant's fugitive status and his appeal, as provided when a defendant is at large during 'the ongoing appellate process,' the justifications advanced for dismissal of fugitives' pending appeals generally will not apply."). Despite these limitations, *Ortega-Rodriguez* also recognized that "dismissal by an appellate court after a defendant has fled its jurisdiction [as opposed to that of the district court] serves an important deterrent function and advances an interest in efficient, dignified appellate practice." *Id*. at 242.

The Seventh Circuit has aptly explained the application of this rationale in the context of an appeal from an unfavorable order of an immigration court:

> Litigation entails reciprocal obligations: an appellant (or petitioner) who demands that the United States respect a favorable outcome must ensure that an adverse decision also can be carried out. When an alien fails to report for custody, this sets up the situation that *Antonio-Martinez* [*v. INS*] called "heads I win, tails you'll never find me." 317 F.3d [1089,]1093 [(9th Cir. 1995)]. A litigant whose disappearance makes an adverse judgment difficult if not impossible to enforce cannot expect favorable action. We observed in *Sarlund v. Anderson*, 205 F.3d 973 (7th Cir. 2000), that after *Degen* [*v. United States*, 517 U.S. 820 (1996),] a practical question dominates: has flight made the litigation a one-way street? Someone who cannot be bound by a loss has warped the outcome in a way prejudicial to the other side; the best solution is to dismiss the proceeding. That proposition is as applicable to the

---

[1] If Garcia-Flores had reported for deportation, we would still have retained Article III jurisdiction to hear his appeal, even though he would already have been removed to Mexico. *See Santana-Albarran v. Ashcroft*, 393 F.3d 699, 701 n. 1 (6th Cir. 2005) ("removal of an alien . . . does not moot a pending appeal"). He would have continued to suffer an ongoing injury from the order of removal after his deportation because he would have been prevented from seeking re-entry for five years after his removal. *See* 8 U.S.C. § 1182(a)(9)(A)(i); *Chong v. District Director, INS*, 264 F.3d 378, 385 (3d Cir. 2001); *Max-George v. Reno*, 205 F.3d 194, 196 (5th Cir. 2000).

fugitive alien as it is to the fugitive criminal defendant (or, in *Sarlund*, the fugitive civil plaintiff).

*Sapoundjiev v. Ashcroft*, 376 F.3d 727, 729 (7th Cir. 2004). This Court has also held in an unpublished opinion that the fugitive disentitlement doctrine "extends to appeals from the Board of Immigration Appeals when an alien fails to surrender despite a lawful order of deportation." *Kacaj v. Gonzales*, 163 F. App'x 367, 368 (6th Cir. 2006).

Here, Garcia-Flores received a final order from the BIA on May 12, 2005, and filed his appeal with this Court on June 8, 2005. He was required to report for removal on July 11, 2005, but instead remained at large. This conduct evinces an intent to avail himself of the "heads I win, tails you'll never find me" approach, even if his subsequent arrest foiled the effort. Because Garcia-Flores failed to report despite a lawful order requiring him to do so while he was subject to the jurisdiction of this Court, his appeal is dismissed pursuant to the fugitive disentitlement doctrine.