**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KEITH LEE WILLIAMS,
                *Petitioner-Appellant,*

v.

EDWARD S. ALAMEIDA, JR.,
Director, Warden,
                *Respondent-Appellee.*

No. 05-55604

D.C. No.
CV-03-00196-NM
Central District
of California,
Los Angeles

ORDER

Filed December 28, 2007

Before: Kim McLane Wardlaw, Carlos T. Bea, and
N. Randy Smith, Circuit Judges.

## ORDER

Keith Lee Williams appeals the district court's order granting Edward Alameida's Rule 12(b)(6) motion to dismiss for failure to state a claim. Williams sued Alameida, the Director of the California Department of Corrections ("CDC"), under 42 U.S.C. § 1983, alleging he was held in CDC custody past the date of his sentence for failure to submit a DNA sample in violation of the Fourth Amendment, the Ex Post Facto Clause, and the Due Process Clause of the United States Constitution.

On November 5, 2007, Alameida moved to dismiss this appeal under the fugitive disentitlement doctrine. In support of this motion, Williams's parole agent declared that Williams was released from prison and placed on parole on June 2, 2005, but failed to report to his parole agent. An arrest war-

rant has been issued for Williams, who remains a parolee at large.

Under the fugitive disentitlement doctrine, we have discretion to dismiss the appeal of a party who becomes a fugitive while his appeal is pending. *Conforte v. Comm'r of Internal Revenue*, 692 F.2d 587, 590 (9th Cir. 1982).

We grant Alameida's Motion to Dismiss. Because it appears from the face of the complaint that Williams's unlawful detention claim is potentially meritorious, and the district court failed to address that claim, we conditionally dismiss Williams's appeal pursuant to the fugitive disentitlement doctrine. *See id.* ("Joseph Conforte's appeal is dismissed. If within 56 days he submits himself to the jurisdiction of the District Court of Nevada, he may move to reinstate his appeal.").

If within 60 days Williams submits himself to the State of California authorities, he may move to reinstate this appeal and have the action remanded so that the district court may consider the unlawful detention claim in the first instance.

**IT IS SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.