**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0460n.06

**No. 09-4121**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 07, 2011*

LEONARD GREEN, Clerk

SHIGUI DONG, )
)
    Petitioner, )
)
v. )    ON APPEAL FROM THE BOARD OF
)    IMMIGRATION APPEALS
ERIC H. HOLDER, JR., U.S. ATTORNEY )
GENERAL, )
)
    Respondent. )
)

Before: BOGGS, and KETHLEDGE, Circuit Judges; and COLLIER, Chief District Judge.[*]

**CURTIS L. COLLIER, Chief District Judge**. Petitioner Shigui Dong ("Petitioner") seeks review of the final order issued by the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's decision denying Petitioner asylum, withholding of removal, and protection under the Convention Against Torture. On April 27, 2011, Petitioner's counsel moved to waive the oral argument scheduled for May 31, 2011. As grounds, Petitioner's counsel stated that he has not had any contact with Petitioner since February, 2010, that he believes – but does not know – Petitioner left the United States in February, 2010 and has not returned, and that Petitioner's whereabouts are presently unknown to counsel. We granted the motion to waive oral argument. We now DISMISS this case because we hold Petitioner's disappearance disentitles him to continue his appeal.

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

"The fugitive disentitlement doctrine limits access to the federal courts by a fugitive who has deliberately fled from custody." *Kacaj v. Gonzales*, 163 F. App'x 367, 368 (6th Cir. 2006). Invocation of the doctrine is discretionary. *Id*. This Court, along with other circuits, has extended the doctrine to include cases where a petitioner in an immigration case disappears while his appeal of a BIA decision is pending. In *Chen v. Gonzales*, 187 F. App'x 502 (6th Cir. 2006), we dismissed an appeal of a BIA decision where, during the pendency of the appeal, the petitioner failed to report as ordered to an Immigration and Customs Enforcement ("ICE") field office. We held that the fugitive disentitlement doctrine "applie[s] to petitions for review of decisions of the BIA when an alien fails to surrender despite a lawful order of removal." *Id*. at 504. Similarly, in *Kacaj*, we denied a petition for review of a removal order where the petitioner failed to report to ICE as ordered following the BIA's decision, and petitioner's counsel reported to the Court that he did not know his client's whereabouts. *See* 163 F. App'x at 368.

In *Garcia-Flores v. Gonzales*, 477 F.3d 439 (6th Cir. 2007), we explained at some length the rationale for extending the fugitive disentitlement doctrine to immigration cases where the petitioner has disappeared or failed to report to immigration authorities:

> Litigation entails reciprocal obligations: an appellant (or petitioner) who demands that the United States respect a favorable outcome must ensure that an adverse decision also can be carried out. . . . A litigant whose disappearance makes an adverse judgment difficult if not impossible to enforce cannot expect favorable action. . . . Someone who cannot be bound by a loss has warped the outcome in a way prejudicial to the other side; the best solution is to dismiss the proceeding. That proposition is as applicable to the fugitive alien as it is to the fugitive criminal defendant . . . .

*Garcia-Flores*, 477 F.3d at 441 (quoting *Sapoundjiev v. Ashcroft*, 376 F.3d 727, 729 (7th Cir. 2004)). We went on to reason that a petitioner's remaining at large despite a removal order "evinces

2

an intent to avail himself of the 'heads I win, tails you'll never find me' approach." *Id*. at 442. Consequently, we dismissed the appeal pursuant to the fugitive disentitlement doctrine.

Many sister circuits have likewise applied the fugitive disentitlement doctrine to pending immigration appeals. *See, e.g.*, *Gao v. Gonzales*, 481 F.3d 173 (2d Cir. 2007); *Arana v. INS*, 673 F.2d 75 (3d Cir. 1982); *Giri v. Keisler*, 507 F.3d 833 (5th Cir. 2007); *Sapoundjiev v. Ashcroft*, 376 F.3d 727 (7th Cir. 2004); *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003)*; Martin v. Mukasey*, 517 F.3d 1201 (10th Cir. 2008). The Tenth Circuit has characterized appellate judgments in immigration cases where the petitioner cannot be located as "worthless judgment[s]" which "waste[] time and resources" of the judicial system, and "encourage the recourse of flight" for other petitioners with pending immigration appeals. *Martin*, 517 F.3d at 1205. Similarly, in *Antonio-Martinez*, a case in which "no one has any clue where [petitioner] is," the Ninth Circuit explained:

> Those who disregard their legal and common-sense obligation to stay in touch while their lawyers appeal an outstanding deportation order should be sanctioned. . . . Those who invoke our appellate jurisdiction must take the bitter with the sweet: They cannot ask us to overturn adverse judgments while insulating themselves from the consequences of an unfavorable result.

317 F.3d at 1093. Disentitlement of an appeal, the court reasoned, "provides a strong incentive to maintain contact with the INS and counsel." *Id*.

Here, Petitioner received a final order from the BIA upholding his removal order on August 26, 2009. He filed his appeal with this Court on September 11, 2009. According to counsel, in February 2010, counsel was informed by Petitioner's translator that Petitioner was no longer residing in the United States. Petitioner has not been seen or heard from by counsel since. According to the Department of Justice, Petitioner has not responded to ICE's efforts to contact him. Since Petitioner's supervised release requires him to notify ICE of any change in address, ICE considers

3

Petitioner to be in violation of his supervised release. Further, to the extent Petitioner has not verified his departure from the United States, ICE considers him to be a fugitive.

As in *Antonio-Martinez*, Petitioner has failed to keep both the government and his counsel apprised of his whereabouts. *See* 317 F.3d at 1093. If he has left the country, he is no longer entitled to claim asylum. *See Kalaj v. Gonzales*, 185 F. App'x 468, 473 (6th Cir. 2006) (explaining that an asylum applicant who returns to the country of alleged persecution without a compelling reason may be presumed to have abandoned his application). If he remains in the United States, he has failed to meet his obligations to the government. Petitioner's conduct demonstrates at best that he wishes to abandon his appeal (if, indeed, he has left the country), and at worst that he intends to "avail himself of the 'heads I win, tails you'll never find me' approach." *Garcia-Flores*, 477 F.3d at 442. Were we to rule on the merits of this appeal, an outcome adverse to Petitioner would likely prove impossible to enforce. However, were we to overturn the removal order, it is plausible to imagine Petitioner would shortly "reappear" to reap the benefit of the ruling. This situation is an "affront to the dignity of the judicial process," *Gao*, 481 F.3d at 176, and threatens a waste of judicial time and resources. Accordingly, we find the fugitive disentitlement doctrine applicable here, and consequently **DISMISS** the appeal.