**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10039 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-50120-CKJ-LAB-1 |
| v. | |
| ERIK ISLAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
For the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted and Submission Withdrawn February 7, 2019
Resubmitted April 22, 2019
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.**

Erik Islas was sentenced to 11 months in custody, to be followed by 24 months

of supervised release. On appeal, he challenges several conditions of his supervised

release. On January 30, 2019, the government filed a motion to dismiss the appeal,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging that Islas had failed to (1) report to his probation officer for the past two months; and (2) notify his probation officer of his change in residence. An arrest warrant has been issued for Islas. At the joint suggestion of the parties, we vacated oral argument and stayed the appeal for 60 days. We set a briefing schedule on the government's motion to dismiss. We have now received Islas' response to the motion, and a reply memorandum. We dismiss the appeal.

1. Under the "fugitive disentitlement" doctrine, "an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). "The doctrine does not apply to an appellant just because he has not reported as directed to the probation office, in the absence of a showing that he has fled or hidden himself from the jurisdiction of the court." *United States v. Gonzalez*, 300 F.3d 1048, 1051 (9th Cir. 2002). Here, however, Islas has hidden himself from the jurisdiction of the court. His current location is unknown. Accordingly, dismissal of the appeal is warranted. *See Williams v. Alameida*, 511 F.3d 973, 974 (9th Cir. 2007) (dismissing an appeal when appellant "failed to report to his parole agent," and "[a]n arrest warrant has been issued for [appellant] who remains a parolee at large."); *United States v. Torres*, 221 F. App'x 646, 647 (9th Cir. 2007) (dismissing an appeal when appellant's "counsel has informed this court that [appellant] is a fugitive and that there is an outstanding warrant for his arrest.").

2.   We decline Islas' request for a further 42 day "grace period" in which he may surrender.  This appeal has already been stayed for 60 days, and Islas could have turned himself in during that period.  *See Parretti v. United States,* 143 F.3d 508, 511 (9th Cir. 1998) (en banc).

**DISMISSED**.  The pending motions to file documents under seal [Dkts. 65, 66, 68, 69] are **GRANTED**.