# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2022

Lyle W. Cayce
Clerk

No. 20-61218
Summary Calendar

Pedro Alfonso Alvarenga-Palacios; Alen Adrian
Alvarenga Guzman,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 278 024
Agency No. A208 278 025

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Pedro Alfonso Alvarenga-Palacios, along with his minor son, Alen
Adrian Alvarenga Guzman, a rider on his father's asylum application, have
petitioned for review of a decision of the Board of Immigration Appeals (BIA)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing an appeal from a decision of the immigration judge (IJ) concluding that they were ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  We review the BIA's decision for substantial evidence, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and consider the IJ's decision only to the extent it influenced the BIA, *see Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

In reliance on *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), the petitioners move for a remand to allow the IJ to determine whether the case can be heard.  Our holding in *Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. at 1479-80, that a notice to appear is not fatally defective because it does not include the time, date, and place of future removal proceedings remains valid after the decision in *Niz-Chavez*.  *See Garcia v. Garland*, 28 F.4th 644, 647-48 (5th Cir. 2022).  The motion for a remand is therefore DENIED.

The respondent moves to dismiss this matter under the fugitive disentitlement doctrine.  *See Giri v. Keisler*, 507 F.3d 833, 836 (5th Cir. 2007). The petitioners dispute the assertion that Alvarenga-Palacios is a fugitive. The motion to dismiss is DENIED.

Challenging the BIA's determination that they are ineligible for asylum and withholding of removal, the petitioners argue that a sufficient nexus was established because membership in a particular social group defined as "farmers in a rural area of El Salvador" is one central reason the MS-13 gang targeted Alvarenga-Palacios and others in his family by threatening them with harm if they did not give money and other valuables to the gang.  They also argue that they will be persecuted by the gang if they return to El Salvador because Alvarenga-Palacios failed to comply previously with the gang's demands.

No. 20-61218

Substantial evidence supports the finding that Alvarenga-Palacios's persecutors were motivated not by virtue of his membership in the proposed PSG, but rather by private criminality. *See Zhang*, 432 F.3d at 344. Accordingly, he has failed to demonstrate that a reasonable factfinder would be compelled to conclude that his membership in his proposed PSG was one central reason for any persecution suffered or feared. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). Because the adverse nexus determination is dispositive of the claims for asylum and withholding of removal, *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019), we need not reach the additional arguments raised as to these claims, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Finally, the petitioners challenge the denial of their claim for CAT relief. Contrary to their contentions, the BIA did not address the merits of the CAT claim; rather, it stated that, because the petitioners had not meaningfully challenged the IJ's denial of CAT relief, the issue was deemed waived. To the extent that the petitioners are now attacking the BIA's waiver determination, we lack jurisdiction to consider the issue. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022). Additionally, because the petitioners failed to present a CAT claim to the BIA, we lack jurisdiction to review their challenge to the denial of CAT relief. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

The petition for review is DENIED in part and DISMISSED in part.