PRESENT: All the Justices

JUNIOR JOSEPHSON

v. Record No. 230856

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
December 12, 2024

FROM THE COURT OF APPEALS OF VIRGINIA

The Court of Appeals dismissed Junior Josephson's appeal under the fugitive

disentitlement doctrine. It held that Josephson forfeited his right to appellate review of his

criminal conviction when he absconded from probation during the pendency of his appeal.

Josephson challenges this dismissal on a number of grounds. For the reasons noted below, we

affirm the judgment of the Court of Appeals.

BACKGROUND

Josephson was convicted of possession of heroin and fentanyl, as well as petit larceny.

He received suspended sentences for the drug offenses and 90 days to serve on the larceny

charge. The sentences were suspended on the condition that Josephson comply with supervised

probation for a period of three years. Josephson noted an appeal to the Court of Appeals. While

the appeal was pending, the Commonwealth filed a motion to dismiss the appeal on the basis that

the fugitive disentitlement doctrine barred Josephson from proceeding. In support of the motion,

the Commonwealth argued that Josephson had previously absconded from probation, and that he

had once again failed to stay in contact with his probation officer. The Commonwealth proffered

that Josephson's probation officer requested a capias, which the court issued approximately one

month before the Commonwealth filed its motion to dismiss. At the time the Commonwealth

filed the motion, the capias remained outstanding. The Commonwealth proffered several exhibits, including the major violation reports and the capias.

With remarkable speed – just two days after the Commonwealth's motion to dismiss, and without awaiting a response from defense counsel – the Court of Appeals dismissed the appeal on the basis of the fugitive disentitlement doctrine. Counsel for Josephson filed a petition for rehearing, in which counsel asked the Court of Appeals to reconsider its ruling. Notably, counsel for Josephson did not aver that Josephson was not, in fact, a fugitive (or that he was no longer a fugitive). The Court of Appeals denied the petition for rehearing. Josephson then appealed to this Court.

ANALYSIS

The lone issue before us is whether the Court of Appeals properly applied the fugitive disentitlement doctrine. We review a lower court's invocation of the fugitive disentitlement doctrine "under an abuse of discretion standard." *Sasson v. Shenhar*, 276 Va. 611, 627 (2008).

I.   AN APPELLATE COURT MAY CONSIDER FACTUAL DEVELOPMENTS THAT BEAR UPON WHETHER THE COURT SHOULD ADJUDICATE A CASE.

As a threshold matter, Josephson contends that the Court of Appeals, exercising its appellate jurisdiction, could not determine whether he was, in fact, a fugitive. Josephson notes that factfinding should occur in the trial courts. On that premise, he argues that an appellate court would be engaging in impermissible factfinding if it were to determine that a litigant is a fugitive.

We do not quibble with the general proposition that factual development in a case must occur at trial. In this instance, however, we are faced with an intervening development that occurred after the trial concluded and while the case was pending on appeal. The question

2

before us is whether that development – Josephson's flight from justice – could be considered by the Court of Appeals in determining whether the appeal should be dismissed.

We have previously observed that it is "well settled in this State and elsewhere that an appellate court may consider matters which have occurred since the entry of the judgment appealed from to determine whether it will proceed to review the record before it." *Ward v. Charlton*, 177 Va. 101, 107-08 (1941). For example, we are called upon with some frequency to determine whether a case has become moot while the appeal is pending. *See, e.g.*, *Godlove v. Rothstein*, 300 Va. 437 (2022) (case became moot when one of the parties to the dispute sold the property at issue). In resolving such questions, there may be a need for factfinding – if there is a genuine factual dispute. That factfinding can be resolved through a remand to the circuit court or via some other mechanism. *See, e.g.*, *Sheehy v. Williams*, 299 Va. 274 (2020) (remanding the case to the circuit court to determine whether the appellant had voluntarily paid the judgment, which would make the controversy moot). When there is no factual dispute, however, an appellate court can proceed to determine whether it should adjudicate the appeal in light of a development that occurred during the pendency of the appeal.

We have never required any particular form of evidence from litigants who wish to alert an appellate court that an intervening development may preclude the court from adjudicating a case – although adhering to certain formalities, such as filing certified records or providing affidavits, is the better practice. Here, an attorney for the Commonwealth, as an officer of the court, proffered to the Court of Appeals that Josephson was a fugitive and tendered several documents in support of that claim. Josephson objected to the application of the fugitive disentitlement doctrine on a number of grounds. However, he never denied that he was, in fact, a fugitive. Josephson's status as a fugitive was, therefore, never placed at issue. Because no

genuine dispute existed about whether Josephson was a fugitive, the Court of Appeals could proceed to determine whether it should apply the doctrine.[1]

    II.      THE COURT OF APPEALS DID NOT ABUSE ITS DISCRETION IN DISMISSING THE APPEAL BASED ON THE FUGITIVE DISENTITLEMENT DOCTRINE.

"[I]t has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Sasson*, 276 Va. at 622 (citation omitted). The fugitive disentitlement doctrine is rooted in the judiciary's "inherent power of self-defence and self-preservation." *Carter v. Commonwealth*, 96 Va. 791, 816 (1899). It allows courts to protect themselves "against those who would abuse the judicial process." *Sasson*, 276 Va. at 622 (citation omitted).

> Litigation entails reciprocal obligations: an appellant (or petitioner) who demands that the [Commonwealth] respect a favorable outcome must ensure that an adverse decision also can be carried out. . . . A litigant whose disappearance makes an adverse judgment difficult if not impossible to enforce cannot expect favorable action. . . . Someone who cannot be bound by a loss has warped the outcome in a way prejudicial to the other side; the best solution is to dismiss the proceeding.

*Sapoundjiev v. Ashcroft*, 376 F.3d 727, 729 (7th Cir. 2004) (internal citations omitted); *see also Morrison v. Morrison*, 57 Va. App. 629, 637 (2011) ("[A] fugitive from justice may not seek relief from the judicial system whose authority he or she evades.") (quotation omitted). As several federal appellate courts have memorably put it, a "'heads I win, tails you'll never find

---

[1] For our adversarial system to function as intended, each side should have the opportunity to present its view of the case. Here, the Court of Appeals granted the Commonwealth's motion to dismiss just two days after it was filed, without waiting for a response from Josephson. Josephson should have been afforded that opportunity. In this instance, however, Josephson's diligent counsel promptly filed a petition for reconsideration. Consequently, we do not discern any prejudice to Josephson.

me' approach" compels dismissal.  *Garcia-Flores v. Gonzales*, 477 F.3d 439, 442 (6th Cir. 2007) (quoting *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003)).

We have specified a three-part test that governs the application of the fugitive disentitlement doctrine:  "(1) the appellant must be a fugitive, (2) there must be a nexus between the current appeal and the appellant's status as a fugitive, and (3) dismissal must be necessary to effectuate the policy concerns underlying the doctrine."  *Sasson*, 276 Va. at 623.

First, the Commonwealth's proffer that Josephson was a fugitive, supported by documentary evidence of that fact, and in the absence of a factual contest on the question, was sufficient for the Court of Appeals to conclude that he was, in fact, a fugitive.  Second, a nexus is present here between the appeal and Josephson's status as a fugitive.  Josephson was appealing from his criminal convictions.  He fled while on probation for those convictions while his appeal was pending.[2]  This is not a circumstance where the appellant's flight was unrelated to the appeal.  Finally, the Court of Appeals could conclude that dismissal was necessary to effectuate the policy concerns upon which the doctrine is based.  The enforceability rationale justifies dismissal: flight by the defendant can render the judgment unenforceable.  *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239-40 (1993).  Additionally, "dismissal by an appellate court after a defendant has fled its jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice."  *Id.* at 242; *see also Sasson*, 276 Va. at 627-28 ("Dismissing [the] appeals furthers the goals of the fugitive disentitlement doctrine by

---

[2]  Our sister courts have commonly dismissed appeals in this very circumstance.  *See, e.g., United States v. Hanzlicek*, 187 F.3d 1219, 1221 (10th Cir. 1999); *United States v. Lantigua-Bonilla*, 83 F.3d 541, 542 (1st Cir. 1996); *Williams v. Alameida*, 511 F.3d 973, 974 (9th Cir. 2007); *Commonwealth v. Simon*, 461 N.E.2d 758 (Mass. 1984); *People v. Dios*, 38 N.Y.S.3d 417 (N.Y. App. Div. 2016); *State v. Smith*, 822 P.2d 1193 (Ore. 1992) (citing cases).

discouraging flight from justice, encouraging compliance with court orders, and promoting the efficient, dignified operation of the courts.") (citation omitted). Therefore, the Court of Appeals properly exercised its discretion to dismiss Josephson's appeal.

CONCLUSION

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Affirmed.*